We are back on the record and Mr. Nobi, case number 242165, you may proceed. Mr. Nobi, now you're coming through. You were delayed a little bit. Do you mind restarting? Oh, I'm sorry. I'm sorry. Yes. Good morning. Good morning. So this is our petition for review for the board decision of appeal dated June 10, 2024. Our main relief is withholding of removal under the Convention Against Torture, CAT, as well as deferral of removal. Because my client or the petitioner is convicted of an aggravated felony. So the petitioner is a Coptic Christian from Egypt, and he has been persecuted by the Islamists in Egypt. The issue here, whether substantial evidence support a finding that Mr. Ayad would not be if forced to return to Egypt. And whether the persecuted he faced already was generalized evidence of human rights violation, or he was singled out as a Coptic Christian. In addition, whether the government or not was in acquiescence of the persecution. So the record shows that he was targeted twice in Egypt. One in 2012, he was beaten. He has injury. We submitted all the documents supporting that he was injured by the Islamists. And even after the President el-Sisi took over, and he was also persecuted by the same Islamist militia, not militia, Islamist extremists. And his house was burned out. So it sounds very clear that he was singled out. And he deserves protection under the Convention Against Torture, not to be sent to a country where he will be persecuted. The main issue in this case, whether the government is in acquiescence of this persecution. And we can really, in Egypt, it's a government, very tight government that will not help directly the Islamic extremists to persecute Coptic Christian. However, they want the- Mr. El-Shanobi, I'm sorry. Mr. El-Shanobi, can you back up for a moment? I want to make sure that I understand. What argument would we have to find that this issue, whether or not the application for withholding a removal was properly preserved? Was properly preserved? For us to be able to hear it. I didn't get the main question. If you can please explain it for me or rephrase it to me. Was this question properly exhausted below? It was not, like the board denied application based on the government was not in acquiescence of the torture. And that's what the main issue was, is the government of Egypt is helping directly or indirectly the persecution of Coptic Christians. And we might be missing each other because of the delay. So there's the withholding of removal. And there's the withholding under the INA. There's withholding of removal under the Convention Against Torture. And there's also the deferral of removal. And I'm questioning on the first two, were those properly exhausted below? Yes, they were both exhausted below. But however, we are not asking under INA. My client is not eligible under INA. We're only asking for CET and deferral of removal, like withholding of removal under CET and deferral of removal under Convention Against Torture. And so can you walk us through, in particular, the withholding with removal? Because he did not qualify protection under the Convention Against Torture. How was that properly preserved? We had some argument from the other side that that argument was waived. Yeah, it was, we did preserve it. And it's based on, we did preserve it in our brief, in our request for relief in front of the judge, of the judge, immigration judge. And he came out with the decision and the board came out with the same decision that the petitioner was not single out. And he was not, it was generalized persecution. So our main goal today is two issues that be tortured or beaten or singled out twice, once before the current government and once after the current government. And the government forcing Christian Catholic to not to pursue charges against this Islamic militias. It's indirectly acquiescence with these militias to persecute Muslims. So the government is not playing a direct role to persecute the Christian Catholic. However, by pushing them to go into settlement and not proceed charges and conviction against them, it's the main role that the government is playing to push Islamic militias, to continue Islamic militias, not militias, extremists, to persecute Christian Catholic in Asia. So the records show that they were kept, they were interrogated. However, no charges was charged against them after the government did in fact pursue pressures and force whether to keep them in the police stations, whether ask a priest to come to the police station to put pressure on them so they don't charge the Islamist extremists, they don't charge them with the crimes they did commit against them. So we are praying that our appeal will be approved and granted and remain this issue to the Board of Immigration. MS ORTAGUSSERY Thank you, Counsel. We'll hear from Mr. – Ms. Farrell, I'm sorry. MS FARRELL Good morning, Your Honors, and may it please the Court, Corey Farrell on behalf of the Attorney General. I would like to start by kind of clarifying what is before the Court. The immigration judge denied, found petitioner statutorily ineligible for asylum, withholding of removal under the INA, and withholding of removal under the CAT based on his convictions, which he found to be particularly serious crimes. And the Board in its decision, the third paragraph of its decision on page three states that respondent, petitioner now, has not meaningfully challenged the immigration judge's findings that his convictions for robbery and violation of Indiana Criminal Code and sexual battery qualify as particularly serious crimes and that he is statutorily ineligible for asylum, withholding of removal under the INA, and withholding of removal under the CAT. And petitioner did not raise that waiver finding in his opening brief. So therefore, the withholding is both unexhausted and waived. So this Court is looking at the immigration judge's denial of deferral of removal under the Convention Against Torture. And the record here does not show that petitioner will be tortured upon his return to Egypt by or with the acquiescence of government authorities. Petitioner was targeted in the past by neighbors, private actors who were members of an extremist organization. The police previously acted on petitioner's behalf when his house was burned down. He reported the incident to the police. They accepted the report. They investigated. They did not arrest the perpetrators. And the evidence in the record shows that was because the perpetrators had fled. The country conditions evidence and the testimony of petitioner's own witness show that the government is taking steps to combat religious violence. And petitioner could also reasonably relocate to avoid the harm he fears, a finding which he did not challenge before this Court. Accordingly, the record does not compel reversal of the immigration judge's denial of deferral of removal under the Convention Against Torture. This Court has held that general violence is not enough to establish eligibility for torture convention protection. The applicant must show a substantial risk that the petitioner will be targeted specifically. And here petitioner did not make that showing for several reasons. The immigration judge concluded that he did not experience harm so extreme as to compel a finding of past torture. The harm he fears is by private actors, not the government. He testified on page 333 to 334 of the record that he fears neighbors and Islamic terrorist groups. There is also no compelling evidence of government acquiescence in this case. There's evidence specific to petitioner's own experiences. As I noted, the authorities investigated when his house was burned down. And three of the people involved were actually later arrested due to their ties to the Muslim Brotherhood. There's also general country conditions evidence, which the immigration judge fully considered, showing that while there is violence occurring in Egypt, the government is attempting to take steps to combat that violence. And again, as I mentioned, petitioner could reasonably relocate to avoid the harm he fears. So while there is evidence of discrimination and harassment of Christians, as well as sectarian attacks by terrorist groups, the record also includes this other evidence. And based on this, it shows that authorities are taking steps to stop these incidents. Therefore, based on this record, there is no compelling reason to reverse the immigration judge's decision denying deferral of removal under the Convention Against Torture. If there are no further questions. No, thank you. Thank you, Your Honors. Mr. Elshanobi, any rebuttal?  You may proceed. Yes, please. Thank you. So the petitioner did, in fact, relocate to Cairo, and he lived there with his family. However, he was still harassed. And at the time he was relocated to Cairo, his house was burned out. And when he went back to check it and filed the report, he was beat. So he did his best to relocate. And for the government acquiescence, the government of Egypt, it's picture to be very clean in front of the international community. So I'm sure they will not be helping them. However, indirectly, by not charging these people and going after them, charge them, take them to court for conviction, these Islamists still, until today, persecute Coptic Christians. The country report exactly say that Christians, Coptic, are forced to enter into settlement. It's not direct, but it's indirect acquiescence of the government to allow these groups or extremists to keep persecuting Christians. Single out, harm in the past, twice, not one, twice. Once he was beaten, he has injuries that we submitted. The second one in 2016, his house was burned down. His wife clothes was torn and he was beaten again. So that's like obvious persecution, obvious torture. And he will face the same if he were to send back to Egypt, especially after living all this time in the United States with his family. So I will ask this order to be remanded to the BIA. Thank you. Thank you, counsel. Thank you to both counsel. The court will take the case under advisement.